# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRI LYNN STRYKER<br>1917 Inman Drive<br>Anderson, South Carolina 29625 | )<br>)<br>)<br>) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | JURY DEMAND ENDORSED HEREON |
| | ) | |
| CBCS aka<br>Credit Bureau Collection Services, Inc.<br>236 E. Town St.<br>Columbus, OH 43215-4633 | )<br>)<br>)<br>)<br>) | VERIFIED CIVIL COMPLAINT<br>(Unlawful Debt Collection Practices) |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

TERI LYNN STRYKER (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against CBCS. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

### PARTIES

6. Plaintiff is a natural person residing in Anderson, Anderson County, South Carolina.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Plaintiffs are informed and believe, and thereon allege, that Defendant is a national company that maintains an office in the Columbus, Ohio.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see Plaintiff call log attached as group Exhibit A).

12. Defendant calls Plaintiff at 864-314-8361.

13. Defendant calls from 800-947-2987, and Plaintiff believes that Defendant calls from "unknown" or "private" numbers.

14. Defendant caller hung up when Plaintiff answered the phone.

15. Defendant left a voicemail message that discloses that the call was from a debt collector. (See transcribed voicemail message attached as Exhibit B).

16. Plaintiff's friend heard such disclosure. (See third party statement attached as Exhibit C.)

17. Defendant failed to send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by leaving collection voicemail messages on the family answering machine, thereby communicating with third

      parties, when Plaintiff's friend heard the message, in connection with the collection of Plaintiff's debt.

   b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692d(6)* of the FDCPA each time Defendant hung up when Plaintiff answered the phone, thereby placing telephone calls without meaningful disclosure of caller's identity.

   d. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit D).

WHEREFORE, Plaintiff, TERI LYNN STRYKER, respectfully requests judgment be entered against Defendant, CBCS, for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TERI LYNN STRYKER, demands a jury trial in this cause of action.

                                          RESPECTFULLY SUBMITTED,

                                        By: _____/s/ Peter Cozmyk_____
                                             Peter Cozmyk,
                                             Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive
Suite 140
Independence, Ohio 44131
phone: (216) 901-0609
fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF SOUTH CAROLINA

Plaintiff, TERI LYNN STRYKER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TERI LYNN STRYKER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 3-17-09                              _____
                                                         TERI LYNN STRYKER

**EXHIBIT A**

Terri Lynn Stryker Call Log

| Date | Time | | |
|---|---|---|---|
| | | **CBCS** | 800-947-2987 |
| 3/3/2009 | 9:38 AM | | |

| **Date** | **Time** | **Private/Blocked/Unknown** |
|---|---|---|
| 3/2/2009 | 7:40 PM | |
| 3/4/2009 | 1:49 PM | |
| 3/4/2009 | 7:40 PM | |
| 3/11/2009 | 7:51 PM | |
| 3/11/2009 | 8:09 PM | |
| 3/12/2009 | 8:36 AM | |
| 3/12/2009 | 1:33 PM | |
| 3/12/2009 | 3:57 PM | |
| 3/12/2009 | 4:10 PM | |
| 3/12/2009 | 4:29 PM | |
| 3/12/2009 | 4:51 PM | |
| 3/12/2009 | 5:09 PM | |
| 3/12/2009 | 7:27 PM | |
| 3/12/2009 | 8:04 PM | |
| 3/12/2009 | 8:14 PM | |
| 3/13/2009 | 9:13 AM | |
| 3/13/2009 | 10:28 AM | |

**EXHIBIT B**

Message 1:
This message is for Terry Stryker.  If you are not Terry Stryker, do not continue to listen to this message.  This is Neil from CBCS.  I'm attempting to collect a debt and any information obtained will be used for that purpose.  Please call me back at 800-947-2987.  Again it's Neil from CBCS, 800-947-2987.

Message 2:
This message is for Terry Stryker.  If you are not Terry Stryker, do not continue to listen to this message.  This is Neil from CBCS.  I'm attempting to collect a debt and any information obtained will be used for that purpose.  Please call me back at 800-947-2987.  Again it's Neil from CBCS, 800-947-2987.

**EXHIBIT C**

I have been here several times when CVCS has called and have heard the messages they have left.

Sherry Wimberly

864-224-3084

**EXHIBIT D**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / **NO**
4. Fear of answering the door — YES / **NO**
5. Embarrassment when speaking with family or friends — YES / **NO**
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / **NO**
10. Appetite and/or weight loss or overeating and weight gain — YES / **NO**
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — YES / **NO**
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 3-17-09

Signed Name: *Teri Lynn Stryker*

Printed Name: Teri Lynn Stryker